UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR MATEO,

                          Plaintiff,

        -against-

T. ALEXANDER, CORRECTION SERGEANT,
and J. ERNS, CORRECTION OFFICER,

                          Defendants.

08 Civ. 8797 (RJH) (DCF)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

       This is one of several actions Cesar Mateo ("Mateo"), a prisoner currently incarcerated at the Great Meadow Correctional Facility ("Great Meadow"), has brought *pro se* against various prison officials under 41 U.S.C. § 1983 ("Section 1983"). In this case, Mateo is suing two employees of the New York State Department of Correctional Facilities ("DOCS"): Corrections Sergeant Tracy Alexander ("Alexander") and Corrections Officer Jeffrey Erns ("Erns"). Both defendants worked at the Green Haven Correctional Facility ("Green Haven") while Mateo was incarcerated there from 2003 to 2008. Mateo raises claims of harassment and retaliation against Erns and supervisory liability against Alexander. Defendants have moved to dismiss the complaint in its entirety. For the reasons that follow, the Court grants defendants' motion.

1

**BACKGROUND**

For purposes of this motion, the following facts are taken as true.

Mateo first filed this lawsuit in the Northern District of New York, on August 18, 2008.[1]  (*Mateo v. Ficsher*, No. 08-0881 (NAM) (N.D.N.Y. filed Aug. 18, 2008), Compl.) Because the complaint's allegations involved incidents at Green Haven, which is in this district, the case was transferred here.  (*Mateo v. Ficsher*, No. 08-0881 (NAM) (N.D.N.Y. filed Aug. 18, 2008), Order dated Aug. 26, 2008.)

Mateo's claims stem from three incidents that allegedly occurred in 2008.  In the first, on June 16, 2008, defendant Erns "approached" Mateo, "looked at [his] property," and said Mateo had "too much 'shit.'"  (Compl. ¶ 9.)  Erns then searched Mateo's property, without his permission and in violation of "established procedure."  (*Id.*)  Erns also leveled a few unfriendly words at Mateo, like "shut that fuck up or I will write you a ticket for interfering with the search," and "Jackass."  (*Id.*)  Mateo filed a grievance that day, but it "was not processed"; he filed a second grievance a few days later, which he says was processed but never investigated.  (*Id.* ¶ 10.)

The second incident occurred on June 21, 2008, when Erns made Mateo "wait a long period of time" to use a toilet.  (*Id.* ¶ 11.)  Mateo heard Erns tell co-workers that Mateo "is the inmate who wrote the grievance against me," implying that Erns' actions

---

[1] The docket sheet indicates that Mateo filed his complaint on August 18, 2008.  In the Second Circuit, "for statute of limitations purposes, a pro se prisoner's complaint is deemed filed on the date that the prisoner 'turn[s] his complaint over to prison officials' for transmittal to the court, not when the court actually receives it." *Abbas v. Dixon*, 480 F.3d 636, 638 n.1 (2d Cir. 2007) (quoting *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir.1994)).  District courts have applied that rule in assessing whether claims have been exhausted prior to bringing suit.  *See Dimodica v. U.S. Dep't of Justice*, No. 05-2165, 2006 WL 89947, at *3 (S.D.N.Y. Jan. 11, 2006) (Lynch, J.).  Thus the Court deems Mateo's complaint filed when he turned it over to prison officials, which occurred on either August 12, when he signed it, or August 13, when it was postmarked.

were retaliatory.  (*Id.*)  Mateo later filed a grievance, which was "processed and denied." (*Id.* ¶ 12.)

Finally, on August 10, 2008, Erns made Mateo wait "a long period" of time to enter his assigned cell and to use a toilet.  (*Id.* ¶ 13.)  Mateo was eventually forced to ask Erns for a "plastic bag and toilet tissue to defecate" because Erns would not allow him access to a toilet; he does not say whether or how Erns responded.  (*Id.*)  According to the complaint, defendant Alexander witnessed the situation and failed to stop it.  (*Id.*)  The same day Mateo filed a grievance against Erns and Alexander, and on August 11, 2008, he was transferred to a new cell block.  (*Id.* ¶ 15.)

## DISCUSSION

### I.      Converting Defendants' Motion

On a motion to dismiss, the Court accepts the complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor.  *In re DDAVP Direct Purchaser Antitrust Litigation*, 585 F.3d 677, 692 (2d Cir. 2009).  Where a motion is premised on the plaintiff's failure to exhaust his administrative remedies, the question is whether nonexhaustion is clear from the face of the complaint.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (exhaustion is an affirmative defense, so inmates need not specially plead or demonstrate it in their complaints).  If nonexhaustion is clear, a motion to dismiss should be granted.  *Shaw v. City of New York*, No. 08-3997, 2009 WL 1110789, at *3 (S.D.N.Y. Apr. 21, 2009) (quoting *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)).  If it is not, the court may convert the defendant's motion to one for summary judgment "limited to the narrow issue of exhaustion and the relatively straightforward questions about the plaintiff's efforts to exhaust, whether remedies were available, or whether

3

exhaustion might be, in very limited circumstances, excused." *McCoy*, 255 F. Supp. 2d at 251; *see* Fed. R. Civ. P. 12(b).

If the court chooses to convert the motion, it must "afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). Still, the court need not give formal notice of its intention if "the parties were . . . apprised of the likelihood of conversion by less formal or direct means and, in fact, had a sufficient opportunity to present the materials relevant to a summary judgment motion." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004); *see In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985) ("The essential inquiry is whether the [nonmovant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings.").

Here, the defendants claim that Mateo did not exhaust his remedies in time. Mateo does not exactly disagree, but he does say the defendants have manipulated the grievance process. In a wealth of caution, the Court will assume that nonexhaustion is not plain from the face of the complaint, and it will treat defendants' motion as one for summary judgment limited to the exhaustion issue. Formal notice to the parties is unnecessary here: defendants attached as exhibits to their motion the records they have of Mateo's grievances. They also notified Mateo that the Court might choose to treat the motion as one for summary judgment, and that to oppose it, Mateo would need to submit evidence, such as affidavits. All parties were on notice of the possibility of conversion.

4

**II.     Exhaustion**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that prisoners exhaust all available administrative remedies before pursuing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (exhaustion is required for "all inmate suits about prison life"); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (exhaustion required before filing a Section 1983 claim for monetary damages even though monetary damages are unavailable as an administrative remedy). A prisoner properly exhausts a claim by complying with state grievance procedures.[2] *Jones v. Bock*, 549 U.S. 199, 218 (2007). Merely "[a]lert[ing] the prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion." *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (internal quotation marks and citation omitted). Nor does an "untimely or procedurally defective" administrative grievance. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006).

When a prisoner does not properly exhaust his administrative remedies before filing suit, the action *must* be dismissed. *Burgos v. Craig*, No. 06-5505, 307 Fed. Appx. 469, 470 (2d Cir. 2008) ("[Exhaustion] must be completed before suit is filed, and

---

[2] New York provides a three-tiered grievance procedure for inmates: first, the prisoner files a grievance with the Inmate Grievance Resolution Committee ("IGRC"). 7 N.Y. Comp. Codes R. & Regs. § 701.5(a)(2) (2009). Second, the prisoner may appeal an adverse IGRC decision to the facility superintendent, and third, the prisoner may appeal an adverse decision by the superintendent to the Central Office Review Committee ("CORC"). *Id.* §§ 701.5(b)–(d). An expedited procedure exists for grievances that allege harassment by prison staff: the grievance is sent directly to the superintendent, and, if the grievance "is a bona fide harassment issue, the superintendent must initiate or request an investigation and render a decision, after which the prisoner could then appeal to the CORC." *Id.* § 701.8(c)–(d); *see Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir. 2009) (internal citation omitted). In the absence of any decision, the prisoner can appeal directly to CORC within twenty-five days. *Id.* § 701.8(g).

5

completing the exhaustion requirements only after filing suit is insufficient."); *see Neal v. Goord*, 267 F.3d 116, 121–22 (2d Cir. 2001), *abrogated in part on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002).  Of course, if a claim has since been exhausted, it might seem more efficient simply to proceed with the lawsuit rather than dismiss it only to see it immediately re-filed.  But as Judge Lynch has noted,

> the Court of Appeals has ruled that from the broader perspective of Congress and appellate judges, the greater good forbids allowing a case to proceed where administrative remedies have been exhausted while the complaint is pending, and requires in such a case dismissal of the complaint, to be re-filed, if the plaintiff wishes, with the addition of paragraphs explaining how administrative remedies have been exhausted.

*Mendez v Artuz*, No. 01-4157, 2002 WL 313796, at *2 (S.D.N.Y. Feb. 27, 2002) (Lynch, J.).  This Court might question the wisdom of such a rule, but the rule is clear.

The defendants contend that all of Mateo's claims were only exhausted *after* he filed his complaint.  The Court agrees.  Mateo claims that he filed a grievance the day of the June 16, 2008 incident that was never processed, and another grievance on June 18 that was never investigated; that he filed a grievance the day of the June 21 incident that was processed and denied; and that he filed a grievance the day of the August 10 incident.  (Compl. ¶¶ 10, 12, 15.)  But he does not say that he exhausted all available administrative remedies prior to August 13, 2008.  In fact, Mateo does not even say whether he appealed the grievances that were processed and denied (the defendants' evidence shows that he did).

The documents defendants have submitted include copies of grievances Mateo filed in connection with the three incidents, as well as decisions CORC rendered on them all.  (*See* Decl. of Karen Bellamy, Exs. A, B, C.)  The evidence demonstrates that each grievance was processed: each is stamped "Received" and "Green Haven Correction

6

Facility Inmate Grievance Program." (*See id.*)  Not only were the grievances processed; they were also appealed, and CORC rendered decisions on them.  On November 26, 2008, CORC issued a decision on Mateo's June 19 grievance; on August 27, 2008, it issued a decision on Mateo's July 2 grievance; and on October 1, 2008, it issued a decision on Mateo's August 11 grievance.  (*Id.*)  All of CORC's decisions, it goes without saying, postdated the filing of this complaint.

There are two final issues to address.  Generously construed, Mateo's affidavit opposing dismissal suggests that his claims should be excepted from the usual exhaustion requirement—first, because he wrote letters to the DOCS Assistant Commissioner and the Inspector General's Office, and second, because the Green Haven staff manipulated the grievance process.  Neither argument is persuasive.  As for the first, courts have said that informal letters of complaint are no substitute for proper exhaustion in accordance with state grievance procedures.  *Harrison v. Goord*, No. 07-1806, 2009 WL 1605770, at *8 (S.D.N.Y. June 9, 2009) (letters to prison superintendent and DOCS Commissioner did not satisfy exhaustion requirement); *Conner v. Hurley*, No. 00-8354, 2004 WL 885828, at *2 (S.D.N.Y. Apr. 26, 2004) (same).  As for the second, Mateo has not raised a material issue of fact that the process has been manipulated in any way.  A complaint's allegations "must be enough to raise a right of relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and state a "plausible claim for relief." *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 476 (2d Cir. 2009).  A wholly unsupported claim that the process is manipulated is not plausible, especially where, as here, defendants have supplied evidence to the contrary—copies of processed grievances and CORC decisions.  The problem for Mateo is not that the grievance

7

process was unavailable to him; it is that he did not wait to file a lawsuit until the process had run its course.[3]

## CONCLUSION

For the reasons given, the defendants' motion to dismiss is granted without prejudice.

SO ORDERED.

Dated: New York, New York
      February 9, 2010

Richard J. Holwell
United States District Judge

---

[3] The Second Circuit has devised three exceptions to the exhaustion requirement, although it is not clear whether the exceptions survived *Woodford v. Ngo*, 548 U.S. 81 (2006), which read the PLRA to require "proper exhaustion." *See Chavis v. Goord*, 333 Fed. Appx. 641, 642–43 (2d Cir. 2009). In any case, none apply here. The exceptions are where "(1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such as way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." *Ruggiero v. Cty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006). Remedies *were* available to Mateo—he utilized them, just not in time. And Mateo has not pointed to any fact that would estop defendants from raising the defense here or that would justify his failure to exhaust.